UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ELISE BEARD, individually and as representative of a class of similarly-situated persons, | ) ) ) | Case No. 2018-cv-10200 |
| | ) | Hon. |
| Plaintiff, | ) ) | |
| | ) | Wayne County Circuit Court |
| v. | ) | Case No. 2017-017244-CL |
| | ) | |
| SECURITAS SECURITY SERVICES USA, INC., a foreign profit corporation, | ) ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Securitas Security Services USA, Inc. ("Defendant") hereby provides notice of removal of this action from the Third Judicial Circuit Court in and for Wayne County, Michigan, Civil Division, to the United States District Court for the Eastern District of Michigan. Federal question jurisdiction is established based on the following:

1.    On December 6, 2017, Plaintiff Elise Beard ("Plaintiff") initiated this putative class action against Defendant by filing a complaint captioned *Elise Beard v. Securitas Security Services USA, Inc.*, No. 17-017244-CL in the Third Judicial Circuit Court in and for Wayne County, Michigan, Civil Division (the "State Court Action").

2.     Defendant was served with a copy of the summons and complaint in the State Court Action on December 28, 2017.

3.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading.

4.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Ex. A.

5.     Pursuant to 28 U.S.C. §§ 1331 and 1441(a), removal is proper because Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint") includes claims arising under the laws of the United States.  Specifically, the Complaint includes claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

6.     Venue is also proper in the U.S. District Court for the Eastern District of Michigan located in Detroit, Michigan, because the State Court Action is pending within the jurisdictional confines of this Court.  28 U.S.C. § 1446(a).

7.     Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Third Judicial Circuit Court in and for Wayne County, Michigan, Civil Division.

WHEREFORE, Defendant hereby removes this civil action to this Court on the basis of federal question jurisdiction.

Respectfully submitted,

*/s/ Michael R. Turco*
Michael R. Turco  (P48705)
BROOKS WILKINS SHARKEY &
   TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, MI  48009
Telephone:  (248) 971-1713
turco@bwst-law.com

Joel Griswold
BAKER & HOSTETLER LLP
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida  32802-0112
Telephone:  (407) 649-4088
jcgriswold@bakerlaw.com
*Admitted in Illinois; Not Admitted in Florida*

Martin T. Wymer (P43279)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:  (216) 621-0200
mwymer@bakerlaw.com

Counsel for Defendant

Dated:  January 17, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2018, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to counsel of record.  I hereby certify that I also caused to have mailed by First Class U.S. Mail, with postage fully prepaid, a copy of the same to:

> Michael N. Hanna
> MORGAN & MORGAN, P.A.
> 600 N. Pine Island Rd., Suite 400
> Plantation, FL  33324
> *Attorney for Plaintiff*

> */s/Michael R. Turco*
> Brooks Wilkins Sharkey & Turco PLLC
> 401 South Old Woodward, Suite 400
> Birmingham, MI  48009
> (248) 971-1713
> turco@bwst-law.com
> Counsel for Defendant

# EXHIBIT A

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 17-017244-CL Hon. Susan L. Hubbard |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-5183

| Plaintiff<br><br>Beard, Elise | v | Defendant<br><br>Securitas Security Services USA, Inc. |
|---|---|---|
| Plaintiff's Attorney<br><br>Michael N. Hanna 81462<br>600 N Pine Island Rd Ste 400<br>Plantation, FL 33324-1311 | | Defendant's Attorney |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>12/6/2017 | This summons expires<br>3/7/2018 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
Family Division Cases
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains     ☐ is no longer pending.     The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

General Civil Cases
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains     ☐ is no longer pending.     The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

12-7-2017
Date

Signature of attorney/plaintiff      For. M- Hanna



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C) (2)(a),(b), MCR 3.206(A)

DB

## IN THE THIRD JUDICIAL CIRCUIT COURT
## IN AND FOR WAYNE COUNTY, MICHIGAN
## CIVIL DIVISION

ELISE BEARD, individually and as
representative of a class of
similarly-situated persons,

     Plaintiff(s),

v.

SECURITAS SECURITY SERVICES USA, INC.,
a foreign profit corporation,

     Defendant.

Case Code: CL

JURY DEMAND

NO PRIOR WAYNE COUNTY
CASES

17-017244-CL

FILED IN MY OFFICE
WAYNE COUNTY CLERK

12/6/2017 12:55:03 PM

CATHY M. GARRETT

**MICHAEL N. HANNA (P81462)**
**MORGAN & MORGAN, P.A.**
Attorneys for Plaintiff
600 N Pine Island Road
Suite 400
Plantation, FL 33324
(954) 318-0268
mhanna@forthepeople.com

## CLASS ACTION COMPLAINT AND
## DEMAND FOR JURY TRIAL

     Plaintiff, ELISE BEARD, by and through her attorneys, and on behalf of herself, the

Putative Class set forth below, and in the public interest, brings the following Class Action

Complaint as of right against Defendant, SECURITAS SECURITY SERVICES USA, INC.,

including, subsidiaries, divisions and affiliates ("Defendant" or "SECURITAS"), under the Fair

Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §1681 et seq.

## INTRODUCTION

     1.    Defendant is an international security company that provides security staffing to

meet security needs for businesses.

     2.    Defendant routinely obtains and uses information in consumer reports to

conduct background checks on prospective employees and existing employees.

3.      The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case "Defendant"– has complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681b(b)(2).

4.      Defendant willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.      Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its applicants and employees -- *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Defendant willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on her for employment purposes, prior to obtaining a copy of her consumer report.

6.      Defendant also violated 15 U.S.C. §1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of herself and the class consisting of Defendant's employees and prospective employees.

8.      In Counts One and Two, Plaintiff asserts a FCRA claim under 15 U.S.C.

§§1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All Securitas Security Services USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Securitas within two years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

9.     On behalf of herself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

10.     Individual and representative Plaintiff, Elise Beard ("Plaintiff") lives in Michigan, was employed by Defendant in this County and is a member of the Putative Class defined below.

11.     Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

12.     This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

13.     This Court has jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction under the FCRA, 15 U.S.C. § 1681n and 1681p.

14.     Venue and jurisdiction are proper with this Court because Defendant does business, maintains offices, performs services, and all actions which give rise to Plaintiff's claims occurred in Wayne County, Michigan.

## ALLEGATIONS REGARDING DEFENDANTS' BUSINESS PRACTICES
### *Background Checks*

15.     Defendant conducts background checks on many of its job applicants as part of a standard screening process. In addition, Defendant also conducts background checks on existing employees from time-to-time during the course of their employment.

16.    Defendant does not perform these background checks in-house.    Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant.  These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

17.    Defendant procured a consumer report information on Plaintiff in violation of the FCRA.

18.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

   (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

   (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) (*emphasis added*).

19.    Defendant failed to satisfy these disclosure and authorization requirements.

20.    Defendant did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.   Defendant's purported FCRA disclosure form contained extraneous information including but not limited to:

- Information about investigative consumer reports;

- Information about inapplicable credit reports;

- False/misleading information about Plaintiff's rights to determine whether a consumer report has been run;

- A false/misleading statement about investigative consumer reports;

- A functional waiver of rights permitting the Company to obtain from "any outside organization all manner of consumer reports;

- A confusing/misleading statement about Plaintiff's rights regarding the nature and disclosure of investigative consumer reports;

- Inapplicable state law disclosures from New York, Maine, Oregon, Washington, California, Minnesota and Oklahoma;

- A false statement the applicant has received a Summary of Rights Under the Fair Credit Reporting Act;

- A functional waiver of rights purporting to grant the release of Plaintiff's personal, confidential and private information to Pinkerton Consulting or any other unidentified organization, or the Company.

21.    The FCRA also contains several other notice provisions, such as 15 U.S.C. §1681b(b)(3)(a) (pre-adverse action); §1681b(4)(B)(notice of national security investigation); §1681c(h) (notification of address discrepancy); §1681g (full file disclosure to consumers); §1681k(a)(1) (disclosure regarding use of public record information); §1681h (form and conditions of disclosure; and §1681m(a) (notice of adverse action).

22.    The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared.   This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

23.    Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

24.    Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC").

25.     Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, *Legal Concepts Meet Technology: A 50 State Survey of Privacy Laws*, ACSAC, (December 2011) (available at https://www.acsac.org/2011/workshops/gtip/p-Russom.pdf).

26.     Defendant knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§1681b(b)(2)(A) by procuring consumer report information on consumers without complying with the disclosure and authorization requirements of the statute. Defendant's violations were willful because Defendant knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

27.     Defendant's conduct is also willful because:

   a.     Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

   b.     Defendant knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

   c.     Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

28.     Defendant acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law. Defendant had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA

compliance requirements.

## ALLEGATIONS SPECIFIC TO PLAINTIFF

29.    Plaintiff applied for employment with Defendant in Wayne County on or around October, 2016 as a patrol officer.

30.    Defendant procured a consumer report on Plaintiff.   The consumer report contained private, confidential information about Plaintiff.

31.    It was unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

32.    Plaintiff was distracted by the presence of additional information in the purported FCRA Disclosure.  Specifically, Defendant unlawfully inserted extraneous provisions into forms purporting to grant Defendant authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements.

33.    Plaintiff was confused about the nature and scope of Defendant's investigation into her background.

34.    Plaintiff was confused about her rights due to the presence of the additional language contained in Defendant's forms.

35.    Plaintiff values her privacy rights. If Plaintiff was aware Defendant had presented her with an unlawful disclosure form, Plaintiff would not have authorized Defendant to procure a consumer report and dig deep into her personal, private and confidential information.

36.     Defendant failed to satisfy the FCRA requirements pertaining to the FCRA Disclosure form when it procured Plaintiff's consumer report without the making the proper disclosures.

37.     Defendant failed to follow these long-established FCRA requirements.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action as a class action, pursuant to MCR 3.501, individually and on behalf of a proposed class.

39.     Plaintiff asserts claims under Counts 1 and 2 of this Complaint on behalf of a "Background Check Class" defined as follows:

> **All Securitas Security Services USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Securitas within two years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

40.     Numerosity:   The members of the Putative Class are so numerous that joinder of all Class members is impracticable.  Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

41.     Typicality:    Plaintiff's claims are typical of those of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

42.     Adequacy:     Plaintiff is a member of and will fairly and adequately protect the

interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

43.   Commonality:  Common questions of law and fact exist as to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

a.   Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

b.   Whether Defendant's background check practices and/or procedures comply with the FCRA;

c.   Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d.   Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

e.   Whether Defendant's violation of the FCRA was willful; and

f.   The proper measure of statutory damages.

44.   This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other  individuals not a party to such action, thereby impeding their ability to protect their interests.

45.   This case is also maintainable as a class action because Defendant acted or refused to act on grounds that apply generally to the Putative Class, so that final relief is appropriate with respect to the Class as a whole.

46.   Class certification is also appropriate because questions of law and fact common

to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.   Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to  concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

47.    Plaintiff intends to send notice to all members of the Putative Class to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members  are readily available from Defendant's records.

## FIRST CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15  U.S.C. §1681b(b)(2)(A)(i)

48.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-47.

49.    In violation of the FCRA, the FCRA Disclosure form Defendant required the Background Check Class to complete as a condition of its employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. §1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and

utilized.

### *Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(i): Informational Injury*

50.     Plaintiff suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which she was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure.

51.     Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time she was entitled to receive it, Defendant injured Plaintiff and the putative class members she seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

52.     Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment. The required disclosures were not made, causing Plaintiff an informational injury.

53.     Defendant's Failure to provide Plaintiff and the Putative Class with a lawful

disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### Plaintiff's Second Concrete Injury under §1681b(b)(2)(A)(i): Invasion of Privacy

54.    Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2).

55.    The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.  Defendant invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on her and viewing her private and personal information without lawful authorization.

56.    The forgoing violations were willful. At the time Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) Defendant knew they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. A plethora of authority, including both case law and FTC opinions, existed at the time of Defendant's violations on this very issue that held extraneous information cannot be included in the FCRA forms at issue. Defendant's willful conduct is also reflected by, among other things, the following facts:

      a.    Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

      b.    Defendant knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    c.      Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

57.    Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

58.    Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

       **WHEREFORE**, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

    a.      Determining that this action may proceed as a class action;

    b.      Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.      Issuing proper notice to the Putative Class at Defendant's expense;

    d.      Finding that Defendants committed multiple, separate violations of the FCRA;

    e.      Finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    f.      Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class; and

    g.      Awarding reasonable attorneys' fees and costs as provided by the FCRA.

### SECOND CLAIM FOR RELIEF
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. §1681b(b)(2)(A)(ii)**

59.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-47.

60.    Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

61.    The authorization requirement under 15 U.S.C. §1681b(b)(2)(A)(ii) follows the disclosure requirement of §1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure.

***Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(ii): Informational Injury***

62.    Plaintiff suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which she was entitled to by statute, namely a stand-alone FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure.

63.    Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Defendant injured Plaintiff and the putative class members she seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998).

64.    Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendant might procure a

consumer report on each of them for purposes of employment.

65.    Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

66.    Defendant's Failure to provide Plaintiff and the Putative Class with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### *Plaintiffs' Second Concrete Injury under §1681b(b)(2)(A)(ii): Invasion of Privacy*

67.    Additionally, Defendant invaded Plaintiff's right to privacy and intruded upon her seclusion. Under the FCRA, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). Plaintiff's consumer report contained a wealth of private information which Defendant had no right to access absent a specific Congressional license to do so. Defendant invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on her and viewing her private and personal information without lawful authorization.

68.    The foregoing violations were willful. At this time Defendant violated 15 U.S.C. §1681b(b)(2)(A)(ii). Defendant knew that in order for it to have authorization to obtain consumer

reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form

(separate from the employment application) prior to obtaining and then utilizing a consumer

report on Plaintiff and the Putative Class. Plaintiff's disclosure containing the illegal FCRA

Disclosure form was executed on or around October, 2016. A plethora of authority, including

both case law, and FTC opinions, existed at the time of Defendant's violations on this very issue

that held waivers cannot be included in the FCRA forms at issue. Defendant's willful conduct is

also reflected by, among other things, the following facts:

      a.    Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

      b.    Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

      c.    Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

      69.    Plaintiff and the Background Check Class are entitled to statutory damages of not

less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each

and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive

damages under 15 U.S.C. §1681n(a)(2).

      70.    Plaintiff and the Background Check Class are further entitled to recover their

costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

      **WHEREFORE**, Plaintiff, on behalf of herself and the Putative Class, prays for

relief as follows:

      a.    Determining that this action may proceed as a class action;

      b.    Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.  Issuing proper notice to the Putative Class at Defendant's expense;

d.  Finding that Defendants committed multiple, separate violations of the FCRA;

e.  Finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f.  Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

g.  Awarding reasonable attorneys' fees and costs as provided by the FCRA;

h.  Granting other and further relief as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

DATED: December 4th, 2017.

By: /s/ Michael N. Hanna
Michael N. Hanna, Esq.
Michigan Bar. No P81462
Morgan & Morgan, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Telephone:    (954) 318-0268
Facsimile:    (954) 327-3016
Email: MHanna@forthepeople.com

*Attorneys for Plaintiff*